IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LYLE DEAN NEWELL and PATRICIA ANN NEWELL, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 09-974-GPM ) |
| MY CHOICE NETWORK, LLC; WESTERN PACIFIC NETWORK SERVICES, INC.; HABANERO COMPUTING SOLUTIONS, INC.; MIDWEST BROADBAND, LLC; BUYOUT, INC.; and VICTOR MATTISON, Individually and as a Controlling Person, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This case was pending before the United States Bankruptcy Court for the Southern District of Illinois as an adversary proceeding. The reference to the Bankruptcy Court was withdrawn, without objection, under 28 U.S.C. § 157(e) based upon a jury demand made in the adversary proceeding and under § 157(d) on the theory that the resolution of the proceeding requires consideration of both Title 11 and federal securities laws. In this Court, Plaintiffs, who are the debtors in the Bankruptcy Court, filed a Fourth Amended Complaint, in which they abandoned their jury demand. They attempt to reassert their jury demand in the fifth amended complaint, which is the operative complaint.

This Court has struggled to determine the true nature of Plaintiffs' claims in this action. The

Fifth Amended Complaint labels the claims as follows: common law fraud; securities fraud under the 1934 Securities Exchange Act; failure to register securities under the 1933 Securities Act; violation of the Illinois Securities Law of 1953; breach of contract; common law conversion; and alter ego liability. These claims arise from the sale of Plaintiffs' internet service provider business to Defendant My Choice Network, LLC (My Choice). On June 30, 2007, Plaintiffs and My Choice entered into an Asset Purchase Agreement (APA), by which the consideration to be given for Plaintiff's business was $100,000 cash, $150,000 in 60 monthly installments, 10,954 shares of Defendant Western Pacific Network Services, Inc. (WPNSI), and 37,288 member units in Defendant Midwest Broadband, LLC (Midwest), which ultimately was executed in open Court on June 30, 2010. The APA provided that Plaintiffs and their counsel could review and approve as a condition of closing all documents and instruments that they or their counsel reasonably requested in connection with the transaction. The APA further provided that it embodied the entire agreement among the parties with respect to the transactions contemplated in the agreement and superseded all prior agreements and understanding of the parties. Counsel for both sides negotiated a "Side Letter" after it became clear that Plaintiffs could not provide assignments of all of the leases for certain assets before closing. The Side Letter allowed Plaintiffs to receive the $100,000 cash at closing but provided that payment of the other consideration would be delayed pending Plaintiffs' delivery of the leases. The Side Letter modified the APA. Plaintiffs' chief complaints are the stated value of the closely held stock and certain restrictions on the transfer of ownership of those interests. Plaintiffs also sue Buyout, Inc., which is the majority shareholder of WPNSI; Habanero Computing Solutions, Inc., which is a wholly owned subsidiary of WPNSI; and Victor Mattison, who Plaintiffs claim controls all of the other defendants.

Defendants filed a motion to dismiss, which this Court has converted to a motion for summary judgment under Federal Rule of Civil Procedure 56. Remarkably, thereafter, Plaintiffs moved to reopen their adversary proceeding in the Bankruptcy Court, and they now are proceeding there on their Third Amended Complaint against Mattison and My Choice only. In the Bankruptcy Court, Plaintiffs are represented by counsel who previously represented them in this Court. A hearing on a pending motion to dismiss is set for December 13, 2011, in the Bankruptcy Court. (*See* ILSB Adversary Proceeding No. 09-4068-KJM.) It is time for this litigation to come to an end, and it comes to an end today.

Plaintiffs filed a prolix complaint attempting to create a web of wrongs that were committed against them. The Court briefly recites the facts in an attempt to make the events comprehensible. This is not a securities case, nor is it a fraud case. This is a transmogrification of claims case. *See generally Carr v. Tillery*, 591 F.3d 909, 918 (7th Cir. 2010) (a breach of contract claim "cannot be transmogrified into a RICO claim by the facile device of charging that the breach was fraudulent, indeed criminal"). There was a written contract signed by all the parties to the transaction. The contract contains a merger clause. The stated value of the closely held stock was not stated in the contract, and the contract does not state that WPNSI and Midwest are publicly traded. Both sides were represented during the negotiations and at closing. The contract stated that before closing, either side could examine any of the papers. Due diligence is expected. There was no fraud committed here. Moreover, these were not public offerings; therefore, the securities claims fail. This was an ordinary swap of consideration.

This leaves the breach of contract claim before the Court. The fact that this is not a securities case causes this Court to question its subject matter jurisdiction, and, in fact, Defendants urge the

Court to decline to exercise supplemental jurisdiction over the contract claim. While the citizenship of the parties is not properly pleaded, it appears that Defendant Buyout, Inc., likely destroys diversity of citizenship. "The presumption, however, is that the dismissal of even a very weak case should be on the merits rather than because it was too weak even to engage federal jurisdiction." *Carr*, 591 F.3d at 917. The fact that Plaintiffs' proffered securities claims are not cognizable under the federal securities laws does not deprive this Court of subject matter jurisdiction. The Court finds it preferable to end this protracted litigation on the merits rather than to dismiss the contract claim for lack of jurisdiction. Accordingly, the Court will resolve the contract claim on the merits.

There was no breach of contract in this case. The APA and the Side Letter are clear and unambiguous. It seems that Plaintiffs are seeking some sort of implied claim because they thought they agreed to something that was not set out in the agreement. The terms are clear, and there was no breach of the agreement.

For the foregoing reasons, Defendants' motion to dismiss (Doc. 49), which this Court considers under Rule 56, is **GRANTED**. Plaintiffs' action is **DISMISSED with prejudice** in its entirety. The pending motions related to Defendants' request to strike the jury demand contained in the Fifth Amended Complaint (Docs. 51, 54, 60, 61) are **DENIED as moot**. Plaintiffs' motion for a hearing (Doc. 65) is **DENIED**; this Court held multiple hearings in this case and finds no need for another one. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: November 14, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge